UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PROCESS CONTROLS INTERNATIONAL, INC., d/b/a AUTOMATION SERVICE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:10CV645 CDP |
| EMERSON PROCESS MANAGEMENT, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before me is Automation Service's renewed motion for judgment as a matter of law, or in the alternative, motion for a new trial. I granted summary judgment on some claims; the case was tried before a jury as to the breach of contract and misappropriation of trade secrets counts; the remaining claims were settled. The jury returned a verdict in favor of Emerson Process Management and awarded $5,343,874 in damages for breach of contract and $102,027 in damages for misappropriation of trade secrets.

### Judgment as a Matter of Law

Automation renews its motion for judgment as a matter of law under Fed. R. Civ. P. 50(b). I denied Automation's motions for judgment as a matter of law at the close of its case, and again at the close of all the evidence. Automation contends

that Emerson failed to make a submissible case for the following reasons: (1) Emerson failed to present any evidence of a breach of contract; (2) Emerson failed to present any evidence showing damages or linking such damages to an alleged breach; and (3) Emerson failed to present any evidence that John Rooneo employed "improper means" as required to prove Emerson's claim for misappropriation of trade secrets.

A motion for judgment as a matter of law should be granted only if the jury's verdict is utterly lacking in evidentiary support. *In re Prempro Prods. Liab. Litig.,* 586 F.3d 547, 571 (8th Cir. 2009). When deciding a Rule 50 motion, I must construe the evidence most favorably to the prevailing party and draw all inferences in its favor, denying the motion "if reasonable persons could differ as to the conclusions to be drawn from the evidence." *W. Am., Inc. v. Aetna Cas. and Sur. Co.,* 915 F.2d 1181, 1183 (8th Cir. 1990). I may not make credibility determinations or weigh the evidence. *In re Prempro,* 586 F.3d at 572 (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)). Under these standards, the motion must be denied.

Emerson presented sufficient evidence during the trial to support the jury verdict. The evidence, in its totality and after review, supports the jury's conclusion that Automation breached its contract with Emerson, that the breach damaged Emerson, and that Rooneo employed "improper means" in taking and

using Emerson's design drawings. The jury was presented with witness testimony and exhibits about the labels and sales documents used by Automation in its remanufacture and sale of Emerson products, the plain language of the contract at issue, and actual customer confusion. The jury was also presented with expert testimony on damages calculations, and a range of sales prices for the products at issue. Furthermore, the jury heard witness testimony about the improper means by which Rooneo acquired Emerson's drawings, as well as testimony and exhibits regarding the confidentiality of those drawings. I previously denied Automation's motion, and the evidence presented at trial does not change this conclusion or serve as a basis for disturbing the jury's verdict. For these reasons, the renewed motion for judgment as a matter of law will be denied.

## **Motion for New Trial**

Automation alternatively requests a new trial under Fed. R. Civ. P. 59(a)(1)(A). Under this rule, "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell,* 86 F.3d 1472, 1480 (8th Cir. 1996). A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. *Buchholz v. Rockwell Int'l Corp.,* 120 F.3d 146, 148 (8th Cir. 1997). A new trial based on errors in jury instructions will

only be granted where the error likely affected the jury's verdict.  *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 720 (8th Cir. 2008).

"The district court is afforded broad discretion in choosing the form and substance of the jury instructions . . ."  *Friedman & Friedman, Ltd. v. Tim McCandless, Inc.,* 606 F.3d 494, 499 (8th Cir. 2010).  "The instructions need be neither technically perfect nor a model of clarity."  *Id.*  Jury instructions must, when "taken as a whole, fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case."  *Swipies v. Kofka,* 419 F.3d 709, 716 (8th Cir. 2005) (internal quotation marks and citation omitted).  "An erroneous instruction warrants a new trial only if the error misled the jury or had a probable effect on the verdict."  *Friedman,* 606 F.3d at 499 (internal quotation marks and citation omitted).

Automation argues that the jury verdict was against the weight of the evidence, and that there were errors in the jury instructions.  I conclude that the verdict was not against the weight of the evidence for the reasons discussed above.  Additionally, Automation argues that jury instructions 6–9 were improperly given because Emerson failed to make a submissible case on its claims, and that I should have submitted Automation's proposed insert 7a and 9a.  Because I find that Emerson made a submissible case on all its claims, instructions 6–9 were proper.  Further, for the same reasons I stated on the record on December 7, 2012, I continue

to find that inserts 7a and 9a were unnecessary. The instructions taken as a whole fairly and adequately represent the evidence and issues presented to the jury. For these reasons, Automation is not entitled to a new trial.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for judgment as a matter of law, or alternatively, for a new trial [#425] is denied.

                                                        _____
                                                        CATHERINE D. PERRY
                                                        UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2013.